**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

YU "ERIC" WANG
20013 Century Blvd.
Apt. 619
Germantown, MD 20874

  *Plaintiff,*

   v.

GERMANTOWN VIOLIN COMPANY LLC
7610X Rickenbacker Dr.
Gaithersburg, MD 20879

Serve: Hong Liang, Resident Agent
   12220 Glen Mill Rd.
   Potomac, MD 20879

HONG "LANCE" LIANG
909 Paulsboro Drive
Rockville, MD 20850

HONGSHAN "SEAN" LIANG
29794 Vista Ridge, Rd
Winchester, CA 92596

  *Defendants*.

         Case No.: 26-2390

**COMPLAINT**

  Yu "Eric" Wang ("Plaintiff") brings this action against Defendants, Germantown Violin

Company, LLC ("GVC"), its owner Hongshan "Sean" Liang ("H. Liang"), and Hong "Lance"

Liang ("L. Liang") (collectively "Defendants") for violations of Plaintiff's rights under the Fair

Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Maryland Wage and Hour

Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and

Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2. In support, Plaintiff

alleges as follows:

1

## THE PARTIES

1.      Plaintiff is an adult resident of Montgomery County, Maryland. He was employed by Defendants as a luthier (a person who makes and repairs violins and other string instruments) from on or about March 1, 2022, to on or about June 11, 2026. Plaintiff seeks unpaid overtime compensation for the period beginning on or about June 15, 2023, to October 30, 2025 (hereinafter referred to as the "relevant period").

2.      Defendant GVC is a domestic limited liability company with its principal place of business located in Maryland at 7610X Rickenbacker Drive, Gaithersburg, Maryland 20879. GVC makes, sells, repairs and tunes violins and other stringed musical instruments. GVC employed Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because at all times relevant to the Complaint, through its owner and managers, including L. Liang and H. Liang, it hired Plaintiff, established the method and manner in which Plaintiff was paid, including his hourly rate, and frequency of pay, it made the decision to misclassify Plaintiff as an independent contractor and not pay him an overtime premium, paid Plaintiff his wages, set Plaintiff's work schedule, assigned him work, supervised him, and it had the authority to terminate his employment. GVC also maintained Plaintiff's employment records (including payroll and time records) and it engaged in the unlawful pay practices that are at issue in this case by failing to pay Plaintiff an overtime premium for his overtime hours.

3.      GVC was, at all times relevant to the Complaint, an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as, during the time Plaintiff was employed by it, the company had: (1) employees engaged in the handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross

volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4.     Plaintiff was also individually engaged in commerce, and therefore covered by the FLSA, because GVC took orders from out-of-state customers for violins and Plaintiff then made these violins knowing that upon completion they would be shipped in commerce. Moreover, Plaintiff, at the instruction of Defendants, personally delivered instruments to out-of-state customers several times each year, including in New Jersey, Pennsylvania, and New York. Plaintiff used the company vehicle to make these deliveries. Plaintiff also communicated with these customers by telephone about the deliveries. Finally, GVC purchases materials from outside the state and Plaintiff used these materials in the construction of violins, including strings from a supplied in New York, and other internal components from abroad.

5.     Defendant H. Liang is an adult resident of California but also owns a home in Montgomery County, Maryland, where he spends part of his time. H. Liang is an employer of Plaintiff within the meaning of the FLSA, the MWHL, and the MWPCL because: (a) he was, at all times relevant to the Complaint, an owner, managing member, officer and/or director of GVC; (b) as the  founder and owner of GVC, he was responsible for creating the policies and practices regarding employee pay and Plaintiff's pay specifically (*i.e.* the decision not to pay him overtime); (c) in conjunction with L. Liang he approved the decision to hire Plaintiff, determined Plaintiff's rate of pay, and the amount and timing of increases to Plaintiff's hourly rate of pay which he periodically received; (d) he supervised Plaintiff's work remotely, by requiring that Plaintiff have video/telephone calls with him and also send him pictures of the work he performed so he could perform a quality check; (e) when he traveled to Maryland from California (where he lives) he would often be present at GVC's shop and personally supervised Plaintiff's work. For example,

he often traveled to Maryland in August and September, which were the peak production months to oversee GVC operations. Beginning in March 2026, he made these trips monthly; (f) he required that L. Liang report to him regularly to update him on how the business was operating; (g) he could and did allocate GVC's funds as profits and as an owner, profited directly from the wage violations alleged herein; (h) he made or approved the decision to engage in the illegal pay practices that are the subject of this lawsuit such as failing to pay Plaintiff an overtime premium; and (i) he maintained and had access to Plaintiff's employment records.

6.      Defendant L. Liang is an adult resident of the state of Montgomery County, Maryland. He is an employer of Plaintiff within the meaning of the FLSA, the MWHL, and the MWPCL because: (a) he was, at all times relevant to the Complaint, an owner, member, and manager of GVC; (b) as an owner and manager of GVC, he was responsible for implementing the policies and practices regarding employee pay and Plaintiff's pay specifically; (c) in conjunction with his brother, H. Liang, he hired Plaintiff after interviewing him, set Plaintiff's rate of pay, and the amount and timing of increases to Plaintiff's hourly rate of pay which he periodically received; (d) he was present in GVC's shop near daily and supervised Plaintiff's work; (e) on several occasions he disciplined and verbally reprimanded Plaintiff and he had authority to terminate him; (f) he approved Plaintiff's work hours, and calculated and issued Plaintiff's pay checks; (g) he could and did allocate GVC's funds as profits and as an owner profited directly from the wage violations alleged herein; (h) he made or approved the decision to engage in the illegal pay practices that are the subject of this lawsuit such as failing to pay Plaintiff an overtime premium; and (i) he maintained and had access to Plaintiff's employment records.

**SUBJECT MATTER JURISDICTION**

7.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims involve federal questions, and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

**PERSONAL JURISDICTION**

8.      This Court has specific personal jurisdiction over GVC under Maryland's Long Arm Statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 because, throughout the *relevant period*, it was organized under the laws of the State of Maryland, its headquarters is in the State of Maryland, and it regularly transacted business or performed work or services in the State of Maryland, by repairing violins and other string instruments at its shop located in Maryland. *See* § 6-103 (b)(1). In addition, Plaintiff's cause of action arises out of (or relates to) GVC's contacts with the State of Maryland, because, during the time Plaintiff worked at GVC in Maryland making and repairing instruments, GVC violated the FLSA, the MWHL and the MWPCL by failing to pay Plaintiff an overtime premium when he worked in excess of 40 hours per week.

9.      This Court has general personal jurisdiction over GVC under Md. Code Ann., Cts. & Jud. Proc. Art. § 6-102(a) because, throughout the relevant period, GVC was organized under the laws of the State of Maryland, its principal place of business was in the State of Maryland, it has a resident agent in Maryland, and it will be served in Maryland through its resident agent there.

10.     This Court also has specific personal jurisdiction over H. Liang under Maryland's Long Arm Statute, Cts. & Jud. Proc. Art. § 6-103(b)(1) and (b)(2), because throughout the *relevant period* he regularly transacted business in the State of Maryland by operating GVC in the State of Maryland and Plaintiff's cause of action arises out of or relates to H. Liang's contacts with the

State of Maryland because during the time Plaintiff worked at GVC in Maryland, H. Liang violated the FLSA, the MWHL and the MWPCL by failing to pay Plaintiff the required overtime premium for his overtime hours.

11.     This Court has general personal jurisdiction over H. Liang under Md. Code Ann., Cts. & Jud. Proc. Art. § 6-102(a) because, throughout the relevant period, he maintained his principal place of business (GVC) in Maryland and regularly traveled to Maryland in connection with GVC's operations. Specifically, H. Liang would travel to Maryland annually in August and September of each year, the peak months for violin production, to oversee GVC's operations and ensure quality standards were being met.

12.     This Court also has specific personal jurisdiction over L. Liang under Maryland's Long Arm Statute because throughout the *relevant period* he regularly transacted business in the State of Maryland by operating GVC in the State of Maryland and Plaintiff's cause of action arises out of or relates to L. Liang's contacts with the State of Maryland because during the time Plaintiff worked at GVC in Maryland, L. Liang violated the FLSA, the MWHL and the MWPCL by failing to pay Plaintiff the required overtime premium for his overtime hours.

13.     This Court has general personal jurisdiction over L. Liang under Md. Code Ann., Cts. & Jud. Proc. Art. § 6-102(a) because, throughout the relevant period, he maintained his principal place of business (GVC) in Maryland, he is domiciled in Maryland and he committed the violations of the FLSA, MWHL and MWPCL which are alleged in this lawsuit in Maryland.

### STATEMENT OF THE FACTS

14.     In March 2022, L. Liang interviewed, and subsequently hired, Plaintiff for the position of "luthier" at GVC.

15. As a luthier, Plaintiff made, repaired and calibrated violins, and other string instruments.

16. Plaintiff did not supervise other employees, and he was not involved in making operational or financial decisions affecting GVC as a whole.

17. L. Liang made the decision to hire Plaintiff in conjunction with H. Liang, who gave final approval for the hiring decision.

18. At all times relevant to the Complaint, Plaintiff was paid on an hourly basis.

19. H. Liang and L. Liang jointly determined that Plaintiff would be paid hourly and set his initial hourly rate.

20. Defendants never told Plaintiff that, as a luthier, he was classified as exempt from the overtime provisions of the FLSA, MWHL, and MWPCL.

21. Instead, L. Liang and H. Liang misclassified Plaintiff as an independent contractor.

22. This was deliberate, as L. Liang and H. Liang are sophisticated businesspersons who are familiar with the wage-and-hour law's requirements, having employed other people at GVC since approximately 2002.

23. For a brief period, in 2022, Defendants paid Plaintiff an overtime premium, but then inexplicably stopped doing so, even though Plaintiff continued to work overtime hours.

24. Defendants did not display the posting required by the FLSA anywhere in the workplace during Plaintiff's employment. *See* 29 C.F.R. 516.4.

25. Plaintiff was an employee of GVC because:

   a. He had no opportunity for profit or loss from the operations of GVC. He made no investment in the company, and was compensation was simply a multiple of his hourly rate and the number of hours worked in a given pay period.

b. His schedule and the method and manner in which he did his work, including the quality standards, were controlled and dictated by H. Liang and L. Liang.

c. His services as a luthier were integral to GVC's operations as violin repair shop.

d. He worked exclusively for Defendants providing luthier services during his employment.

e. Defendants provided him with most of the tools and materials he required to complete his work.

26. Defendants had actual and constructive knowledge of Plaintiff's overtime hours because throughout the relevant period, they required that Plaintiff record his work hours using an application called "Time Station."

27. H. Liang and/or L. Liang would review Plaintiff's time records in conjunction with preparing payroll. Additionally, L. Liang would physically observe Plaintiff working each day, including his work start and end time.

28. During the relevant period, the Plaintiffs' work hours fluctuated during the relevant period. He did not work overtime every week, but in many weeks he did. For example, during the summer months through the beginning of the school year, GVC was busier than usual and Plaintiff worked an average of 50 hours per week. During other times of the year, he still occasionally worked overtime, but fewer hours – approximately 42-45 hours per week.

29. Plaintiff is not seeking unpaid overtime compensation for the period after November 1, 2025.

30. Except for a single occasion in 2022, Defendants did not pay Plaintiff an overtime premium for his overtime hours. They only paid Plaintiff his straight time rate, even for his overtime hours.

31.     Plaintiff's hourly rate similarly fluctuated during his employment. Plaintiff's initial rate was $15.00 per hour, it then increased to $17.00 per hour, then to $18.50 per hour, and finally to $20.00 per hour beginning in approximately January 2024. Plaintiff does not have a record of the specific date of each increase, these records are in the possession of the Defendants.

## COUNT I
## VIOLATIONS OF THE FLSA
### 29 U.S.C. §§ 201 – 216 (b)

32.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

33.     At all times relevant to this Complaint, Defendants were "employers" of Plaintiff within the meaning of the FLSA.

34.     At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

35.     At all times relevant to the Complaint, GVC was an enterprise engaged in commerce within the meaning of the FLSA.

36.     At all times relevant to the Complaint, Plaintiff was himself, individually engaged in commerce and thus covered by the FLSA because he worked on "goods produced for commerce" within the meaning of 29 C.F.R. 779.108.

37.     Defendants violated the FLSA by failing to pay Plaintiff the required overtime premium for the overtime hours Plaintiff worked during the relevant period.

38.     Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

39.     Defendants acted willfully, making the statute of limitations three years rather than two years.

40.    Plaintiff cannot calculate his damages because he is not in possession of his time and payroll records, which are in the possession and/or control of Defendants.

41.    Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) for his unpaid and illegally withheld wages during the relevant period, an additional amount equal to his unpaid wages as liquidated damages, and his attorneys' fees and costs.

## COUNT II
### VIOLATONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420

42.    Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

43.    At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the MWHL.

44.    At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

45.    Defendants violated the MWHL by failing to pay Plaintiff the required overtime premium for his overtime hours during the relevant period.

46.    Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

47.    Plaintiff cannot calculate his damages because he is not in possession of his time and payroll records, which are in the possession and/or control of Defendants.

48.    As a result, Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld wages during the relevant period, an additional amount equal to his unpaid wages as liquidated damages, and his attorneys' fees and costs.

## COUNT III
## VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

49.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

50.     At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the MWPCL.

51.     At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWPCL.

52.     Defendants knowingly, willfully and intentionally violated the MWPCL by failing to pay Plaintiff the required overtime premium during the relevant period.

53.     Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

54.     Plaintiff cannot calculate his damages because he is not in possession of his time and payroll records, which are in the possession and/or control of Defendants.

55.     As a result, Defendants are liable to Plaintiff pursuant to the MWPCL for his unpaid and illegally withheld wages during the relevant period, an additional amount equal to twice his unpaid wages as liquidated damages, and his attorneys' fees and costs.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a)   enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff, based on their violation of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld wages during the relevant period, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216.

b)   enter a judgment against Defendants jointly and severally, and in favor of the Plaintiff, based on their violation of the MWHL, in the amount of Plaintiff's unpaid and illegally withheld wages during the relevant period, plus an equal amount as liquidated damages.

c)   enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff, based on their violations of the MWPCL, in the amount of Plaintiff's unpaid and illegally withheld wages during the relevant period, plus an amount equal to twice the unpaid wages as liquidated damages.

d)   enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, for his attorneys' fees and costs incurred in this action as provided in 29 U.S.C. § 216 (b) and Md. Code Lab. & Empl. Ann. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy,
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com

/s/Andrew Balashov
Andrew Balashov
MD Bar No.: 19715
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: abalashov@melehylaw.com

*Counsel for Plaintiff*